ANNIE L. McCAHILL, Respondent, *v.* THOMAS J. McCAHILL, Appellant.

*Decision upon questions of fact — when reversed — weight of evidence in an action for separation and alimony.*

Where an appeal involves only questions of fact, the determination of the trial court should be reversed only when the clear weight of testimony is against the findings made.

In an action brought by a wife for a separation from bed and board, and for alimony, the complaint alleged many instances of maltreatment, as to all of which, with but one exception, the trial judge found against the plaintiff. The judgment of separation and for alimony was granted by the court because of an alleged case of assault by the son of the parties on the plaintiff, his mother, by the direction of the defendant, which the defendant and his son both denied. It was admitted, however, that an altercation took place at the time, and not denied by the wife that she threw a basin of water on the defendant, and a servant testified that she saw some blood upon the plaintiff's face. The defendant had for years suffered from locomotor ataxia, and was physically incapable of much violence.

*Held,* that such judgment was against the weight of evidence, and should be reversed.

APPEAL by the defendant, Thomas J. McCahill, from a judgment of the Supreme Court in favor of the plaintiff, dated the 28th day of November, 1892, and entered, after a trial at the Westchester Special Term, in the office of the clerk of the county of Westchester, and from the decision of the court upon the trial, denying the defendant's motion for a new trial.

The action was brought by a wife to obtain a judgment of separation from bed and board and for alimony to be paid by the defendant, her husband.

*H. T. Dykman,* for the appellant.

*Martin J. Keogh,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment of the Special Term granting the plaintiff a separation and alimony.

The appeal involves only questions of fact. We are conscious

that we should reverse the determination of such questions by the trial court with much hesitation, and only where it seems to us that the clear weight of testimony is against the findings made.

The parties were married in 1876 and lived together for over fifteen years. The complaint alleged various specific occasions on which the defendant assaulted her, and also periods during which his violence was habitual.

It further alleged that the defendant failed to properly provide for his family, and that at times he called the plaintiff names. The learned trial judge found that the defendant properly supported his family, and found but one occurrence of violence on the part of the defendant, upon which occurrence the decree was granted. The case depends principally on the testimony of the parties. The occurrence upon which the decision below is based is an alleged assault by the son of the parties on the plaintiff, his mother, by direction of the defendant. The defendant and his son both deny the assault. The learned trial judge found corroboration of the plaintiff's story in the fact that the servants saw some blood upon the plaintiff's face. That there was an altercation at this time is conceded. The defendant and his son say that the plaintiff threw a basin of water on the defendant, and that while the son was trying to take the basin from the mother she fell. The plaintiff, while she says that the son struck her, admits that she may have thrown the basin of water. We think this transaction is by no means sufficiently clear to justify a separation. The defendant has been for years a cripple suffering from locomotor ataxia and physically incapable of much violence. The court found against the plaintiff on all the other allegations of maltreatment. She could not, therefore, have impressed the trial judge very strongly as to her accuracy of statement. At the most this affair seems to have been a quarrel in which the wife was fairly a party combatant. The defendant himself certainly used no violence, and both he and his son deny that he directed the son to do so. It seems to us unfair on this occurrence to stamp the defendant guilty of cruel or inhuman treatment.

Though the parties may not live together hereafter we do not think this a proper case to compel the defendant to make provision for the separate support of the plaintiff. She has received from her

McCAHILL *v.* McCAHILL.

husband as a gift the home in which they have heretofore lived. The decree made in another action declaring such gift a trust for the husband and children we have reversed. If the plaintiff will continue to live apart from her husband and children voluntarily and without sufficient cause we think this gift is sufficient provision for her.

The judgment appealed from should be reversed and new trial ordered, costs to abide the event.

PRATT, J., concurred.

Judgment reversed and new trial ordered.